Church, Ch. J.
The indictment, charges larceny, after a former conviction for the same crime. Proof of the former conviction was objected to on the trial, and is claimed to be incompetent upon the ground that it tended to establish bad character by proof of specific acts; which is improper, especially, before the prisoner puts his character in issue.
*514 The former conviction and discharge must be alleged in the indictment, and, upon issue joined, must be proved on the trial and passed upon by the jury. There is no other mode of proving the facts, and this has been the uniform practice in this State. A more severe penalty is denounced by the statute' for a second offence; and all the facts to bring the case within the statute must be established on the trial. (2 Car. B., 37.) The objection that the evidence may affect the prisoner’s character has no force when such evidence relates to the issue to be tried. Such evidence may be prejudicial to a prisoner as to the second offence-, and a case might occur of a conviction upon too ' slight evidence, through the influence which a previous conviction of a similar offence might exert upon the minds of the jury; but there is no legal presumption that such a result will ever be produced. An English statute, passed in 1837, requires the principal charge to be first found by the jury, and then authorizes proof of the former conviction to be presented to them; but we have no such statute.
It is also objected that there was no evidence that the prisoner had been discharged or pardoned, as the statute requires, except by the fact that sufficient time had elapsed to enable the prisoner to serve out his sentence. This we held to be insufficient in the recent case of Woods v. The People *; but the point is not available because it was not taken on the trial. The attention of the court should have been called to the question, and, if decided adversely, an exception taken. If this had been done the prosecution might have supplied the proof.
As no error in law was committed, the judgment must be affirmed.
All concur.
Judgment affirmed.